2024R00398/JLG

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Stacey D. Adams |
| | : | |
| v. | : | Mag. No. 26-15168 |
| | : | |
| OMAR WRIGHT | : | **CRIMINAL COMPLAINT** |

I, Abdullah Holmes, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

## SEE ATTACHMENT A

I further state that I am a Task Force Officer with the Drug Enforcement Administration ("DEA"), and that this complaint is based on the following facts:

## SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

/s/ Abdullah Holmes (JLG)
_____
Abdullah Holmes, Task Force Officer
Drug Enforcement Administration

Task Force Officer Abdullah Holmes attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this 23rd day of July, 2026.

/s/ Hon. Stacey D. Adams (JLG)
_____
Hon. Stacey D. Adams
United States Magistrate Judge

## ATTACHMENT A

### Count 1
### (Possession with Intent to Distribute Controlled Substances)

On or about July 23, 2026, in Essex County, in the District of New Jersey and elsewhere, the defendant,

**OMAR WRIGHT**,

did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and a quantity of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

- 2 -

## Count 2
### (Possession of a Firearm and Ammunition by a Convicted Felon)

On or about July 23, 2026, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

**OMAR WRIGHT**,

knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm, namely, a Taurus G2C 9-millimeter handgun, bearing serial number 1C000571, and ammunition, namely, 10 rounds of 9-millimeter ammunition, and the firearm and ammunition were in and affecting interstate and foreign commerce.

In violation of Title 18, United States Code, Section 922(g)(1).

## ATTACHMENT B

I, Abdullah Holmes, am a Task Force Officer of the Drug Enforcement Administration ("DEA"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, videos, and photographs of evidence. Because this complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where the contents of documents and the actions and statements of others are reported, they are reported in substance and in part, except where otherwise indicated. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.      On multiple occasions in or around July 2026, law enforcement observed WRIGHT using a black 2007 Chrysler 300 (the "Chrysler") to travel between his suspected residence on Boyd Street in Newark, New Jersey (the "Boyd Street Premises") and the Kretchmer Housing development along Frelinghuysen Avenue in Newark, New Jersey ("Kretchmer"). During this same time period, while at Kretchmer, law enforcement surveillance units observed WRIGHT engage in multiple suspected hand-to-hand narcotics transactions.

2.      On or about July 23, 2026, law enforcement executed judicially authorized search warrants of the Boyd Street Premises and the Chrysler.

3.      WRIGHT was present when law enforcement executed the warrants. Specifically, law enforcement observed WRIGHT exit the Boyd Street Premises and enter the front driver's seat of the Chrysler. Law enforcement then removed WRIGHT from the vehicle. Law enforcement conducted a preliminary on-site search of the Chrysler. Inside the Chrysler, law enforcement recovered:

   a. approximately 146 jugs of suspected cocaine base;

   b. approximately 84 bags of suspected cocaine base; and

   c. approximately 221 individual glassine folds of suspected fentanyl bearing stamp "DAVID RUFFIN".

The vehicle was subsequently towed pending further search. At that point, law enforcement placed WRIGHT under arrest.

4.      Law enforcement field-tested the substances recovered from the Chrysler and determined that the jugs and bags contained a detectable amount of cocaine base and the glassine folds contained a detectable amount of fentanyl.

5.      Based on my training and experience, the packaging and quantity of the narcotics recovered from the Chrysler are consistent with narcotics distribution.

6.      At the Boyd Street Premises, law enforcement identified one of the bedrooms (the "Bedroom") as belonging to WRIGHT. The Bedroom was identified as WRIGHT's based on, among other things, WRIGHT's driver's license being recovered from the bedroom, along with mail addressed to WRIGHT at the Boyd Street Premises. Law enforcement recovered the following from the Bedroom:

      a.  quantities of suspected fentanyl and cocaine base; and

      b.  one Taurus G2C 9-millimeter handgun, bearing serial number 1C000571, which was loaded with approximately 10 rounds of 9-millimeter ammunition (the "Firearm and Ammunition").

7.      WRIGHT was previously convicted of a crime punishable by a term of imprisonment exceeding one year. Specifically, on or about January 25, 2019, WRIGHT was convicted of manufacturing or distributing a controlled dangerous substance, or intent to do the same, in violation of N.J.S.A. 2C:35-5A(1), for which he was sentenced to four years' imprisonment

8.      The Firearm and Ammunition were manufactured outside the State of New Jersey, and thus traveled in interstate commerce prior to WRIGHT's possession of them in New Jersey on or about July 23, 2026.